IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JESSIE WILLIAMS, ) | |
| ID # 1579579, ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:12-CV-4465-B (BH) |
| ) | |
| RICK THALER, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|         Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court is petitioner's *Application to Proceed In Forma Pauperis,* and a certificate of trust fund account statement for the six month period prior to the filing of this action, as required by 28 U.S.C. § 1915(a), received November 6, 2012 (doc. 4). Based on the relevant filings and applicable law, the application should be denied.

**I.  BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice,, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 and a motion to proceed *in forma pauperis* (IFP) with the required certificate of trust account. (*See* docs. 3, 4.). On November 8, 2012, the Court issued an order finding that the petitioner had sufficient assets with which to pay the $5.00 filing fee and giving him thirty days to pay it. (*See* doc. 5). The order warned that failure to do so could result in a formal recommendation that IFP status be denied and that the case be dismissed. *Id.* On December 10, 2012, the petitioner's motion for an extension of time to pay the filing fee was granted, and he was given an extension until December 14, 2012 to pay the fee. (*See* doc. 5). The petitioner has still not paid the filing fee.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the petitioner's trust fund account statement shows a balance of $55.83 as of the date of its preparation, total deposits of $145.00 over the prior three months, and total deposits of $375.00 over the prior six months. He has not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the $5.00 filing fee for this habeas action.

## III. RECOMMENDATION

The petitioner's application to proceed *in forma pauperis* should be denied. He should be ordered to pay the $5.00 filing fee within **TWENTY (20)** days of the date of the order accepting this recommendation and warned that if he does not pay the fee, the case will be subject to dismissal without further notice.

**SIGNED this 7th of January, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE