IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JESSIE WILLIAMS, ) | |
| ID # 1579579, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:12-CV-4465-B (BH) |
| ) | |
| RICK THALER, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice,, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 and a motion to proceed *in forma pauperis* (IFP) with the required certificate of trust account. (*See* docs. 3, 4.). On November 8, 2012, the Court issued an order finding that the petitioner had sufficient assets with which to pay the $5.00 filing fee and giving him thirty days to pay it. (*See* doc. 5). The order warned that failure to do so could result in a formal recommendation that IFP status be denied and that the case be dismissed. *Id.* On December 10, 2012, the petitioner's motion for "a few extra days" to pay the filing fee was granted, and he was given an extension until December 24, 2012 to pay the fee. (*See* doc. 5). The petitioner did not timely pay the filing fee. On January 7, 2013, it was recommended that petitioner's motion to proceed *in forma pauperis* be denied. (*See* doc. 8.) On January 8, 2013, the Court accepted the recommendation, denied petitioner's IFP motion, and

ordered him to pay the $5 filing fee within 20 days. (*See* doc. 9.) More than 20 days from the date of the Court's order have passed, but the petitioner has still not paid the filing fee or filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner failed to pay the filing fee as ordered. He has not filed anything else or otherwise shown that he intends to proceed with this case in federal court.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the petitioner pays the filing fee within the time for objection to this recommendation, or some other time set by the Court.

**SIGNED this 11th day of February, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE